IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JACK GAYLOR KIRKLEY, #153450                                    PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:10-cv-577-CWR-LRA

DONAVAN SPANN, et al.                                          DEFENDANTS

## MEMORANDUM OPINION

On October 18, 2010, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and
requested in forma pauperis status.  This Court entered on October 19, 2010, two orders [3 & 4] in
this case.  One order [3] directed the plaintiff to sign and return an Acknowledgment of Receipt and
Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days.   The
plaintiff failed to respond or comply with this order.  The other order [4] directed the plaintiff to file
a completed application to proceed in forma pauperis, specifically the section entitled "Certificate
to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating
the name of the prison official contacted concerning the Certificate and why this information is not
provided to this Court within 30 days.  The plaintiff also failed to comply with this order.

An order to show cause [5] was entered on December 15, 2010, directing the plaintiff to
respond in writing on or before January 6, 2011, and explain why this case should not be dismissed
for her failure to comply with the Court's orders [3 & 4] entered on October 19, 2010. The plaintiff
was warned in each of the orders [3, 4 & 5] that failure to comply with any Court orders or the
failure to advise of a change of address could result in the instant civil action being dismissed
without further notice to him.

The order [5] entered on December 15, 2010, was mailed to the plaintiff's at his last known
address.  The envelope [6] containing that order was returned by the postal service with a notation

"Return to Sender, Released."

Out of an abundance of caution, a second and final order to show cause [7] was entered on January 24, 2011. The plaintiff was ordered to file a written response on or before February 8, 2011, showing cause why this case should not be dismissed for his failure to comply with the Court's orders [3, 4, & 5]. The plaintiff was warned that failure to keep this Court informed of his current address or failure to comply with the Court's order in a timely manner would be result in the instant civil action being dismissed without further notice to the plaintiff. On January 28, 2011, the envelope [8] containing the second and final order to show cause [7] was returned by the postal service with a notation "Return to Sender, Released."

The plaintiff has failed to communicate with the Court, either to inquire as to the status of his case or to provide the Court with a current address. It is apparent from the plaintiff's failure to communicate with this Court since he filed the instant civil action on October 19, 2010, that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's

claims, the Court's order of dismissal will be without prejudice.  <u>Shaw v. Estelle</u>, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion will be entered.

This the 25th day of February, 2011.


<u>s/ Carlton W. Reeves</u>
UNITED STATES DISTRICT JUDGE